**XIU JING CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondents.**

No. 04–2025–ag.

United States Court of Appeals, Second Circuit.

Aug. 27, 2008.

Petitioner pro se.

Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, Sue Chen, Special Assistant United States Attorney; Ross E. Morrison, Assistant United States Attorney, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Jing Chen, a citizen of the People's Republic of China, seeks review of a March 24, 2004 order of the BIA affirming the January 29, 2003 decision of Immigration Judge ("IJ") William F. Jankun denying Chen's application for relief under the Convention Against Torture ("CAT"). *In re Xiu Jing Chen,* No. A 77 997 847 (B.I.A. Mar. 24, 2004), *aff'g* No. A 77 997 847 (Immig. Ct. N.Y. City, Jan. 29, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisput-

ed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Chen raises an ineffective assistance of counsel claim in her brief to this Court. We will not, however, consider this claim as she failed to raise it in the first instance before the BIA. *See Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir.2007) (providing that "[w]e generally require that ineffective assistance [of counsel] claims be presented in the first instance to the BIA, either through a motion to reopen or on direct appeal"). In addition, substantial evidence supports the IJ's determination that Chen failed to establish eligibility for relief under the CAT based on her illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable factfinder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence). Although the background evidence indicates that individuals who are repatriated to China may face fines or detention, it fails to demonstrate that Chen is more likely than not to be tortured. *Id.* at 160; *see also Pierre v. Gonzales,* 502 F.3d 109, 119 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).